IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT RAY SETTLES (TDCJ No. 1939000), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-1675-D-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division,[1] | § § § § | (Consolidated With: No. 3:17-cv-1676-D-BH) |
| Respondent. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Petitioner Vincent Ray Settles's motion for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 4]; order that he pay the full amount to initiate this action ($5.00); and, if he fails to do so within a reasonable time, dismiss this action without prejudice for failure to prosecute and obey orders of this Court.

**Applicable Background**

A verified inmate trust account certification attached to Petitioner's IFP motion

---

[1] Because Petitioner is a Texas prisoner challenging state criminal judgments, Lorie Davis, the current Director of the Texas Department of Criminal Justice, Correctional Institutions Division, is the proper respondent and is "automatically substituted as a party." FED. R. CIV. P. 25(d).

reflects that, on May 24, 2017, his account balance was $0.00; his six-month average balance was $25.59; and the average amount deposited monthly into his account over the past six months was $50.14. *See id.* at 3. Thus, as the trust account certification reflects, over the past six months, $300.84 has been deposited into Petitioner's account. *See id.*

## Legal Standards and Analysis

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

As the filing fee for a habeas case is merely $5.00, although Petitioner is incarcerated, and even though as of the date the financial verification was prepared, he lacked funds in his account, the financial picture he presents – as set out above – reflects that he can afford to pay the filing fee without incurring undue financial hardship. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court

routinely grants leave to proceed *in forma pauperis* if "the average six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

Petitioner's IFP application [Dkt. No. 4] should be denied, and he should be ordered to pay the $5.00 filing fee within 21 days of any order accepting this recommendation or some other reasonable time to be established by the Court, and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 4, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE